UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **JUSTIN FARBER** | * CIVIL ACTION NO. 2:14-cv-02840-SSV-DEK |
| **Plaintiff** | * |
| **VERSUS** | * JUDGE SARAH S. VANCE |
| **THE GOODYEAR TIRE & RUBBER COMPANY, DILLARD STORE SERVICES, INC., ESPLANADE MALL LIMITED PARTNERSHIP, ESPLANADE PROPERTIES, CORP., and EPT KENNER, LLC** | * MAGISTRATE DANIEL E. KNOWLES, III<br>* JURY DEMAND |
| **Defendants** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF THE GOODYEAR TIRE & RUBBER COMPANY AND HIGBEE LANCOMS, LP, IMPROPERLY NAMED AS DILLARD STORE SERVICES, INC.

NOW INTO COURT, through undersigned counsel, come defendants, The Goodyear Tire & Rubber Company ("Goodyear") and Higbee LANCOMS, LP, improperly named as Dillard Store Services, Inc. ("Dillards") (collectively "Defendants") who in response to the Petition for Damages filed by Justin Farber respectfully represent:

1.

The allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Petition are denied.

4.

The allegations contained in Paragraph 4 of the Petition are denied.

5.

The allegations contained in Paragraph 5 of the Petition are denied.

6.

The allegations contained in Paragraph 6 of the Petition are denied.

7.

The allegations contained in Paragraph 7 of the Petition are denied.

8.

The allegations contained in Paragraph 8 of the Petition are denied.

9.

The allegations contained in Paragraph 9 of the Petition are denied.

10.

The allegations contained in Paragraph 10 of the Petition are denied.

11.

The allegations contained in the "WHEREFORE" paragraphs and/or prayer of the Petition, including all subparts, are statements regarding the Plaintiff's purported prayer and do not require a response from Defendants. Out of an abundance of caution, however, to the extent

that an answer is required, the allegations contained in the "WHEREFORE" paragraphs and/or prayer of the Petition are denied.

12.

Any and all allegations contained in the Petition not previously admitted, qualified, or denied are hereby denied.

13.

Defendants request a trial by jury on all counts.

AND NOW FURTHER answering Plaintiff's Petition for Damages, Defendants affirmatively aver as follows:

FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim against Defendants for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

In the event that it is determined that Defendants have any liability to the Plaintiff, the existence of which is expressly denied, damages must be reduced to the extent of the Plaintiff's own fault or the fault of third parties identified and/or not yet identified. Defendants specifically reserve their right under Article 2323 to prove the comparative fault and/or negligence or fault of all potential parties to this litigation, whether or not they are named and made parties litigant (and whether dismissed by any other parties) in order to reduce any potential allegations of fault and relative liability which may be assessed against Defendants, which is strictly denied.

THIRD AFFIRMATIVE DEFENSE

Defendants allege and aver that any damages and/or losses sustained by Plaintiff were solely the result of an intervening or superseding cause or causes, unavoidable circumstances or conditions,

or an act of God, for which Plaintiff can have no recovery.

### FOURTH AFFIRMATIVE DEFENSE

Inasmuch as the Plaintiff's Petition does not describe the underlying claims with sufficient particularity to enable Defendants to determine all of their legal and equitable defenses, Defendants reserve the right to amend and/or supplement their answer to assert any and all pertinent rights, defenses or privileges ascertained through investigation and discovery in this action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants deny that they are legally at fault or that they are responsible for any damages allegedly sustained by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants aver that at all relevant times Defendants exercised due care to ensure that the premises were kept in a reasonably safe and non-hazardous condition.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that any act or omission on their parts or anyone for whom they are legally responsible caused or contributed to any alleged damages asserted by the Plaintiff herein.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants hereby adopt and assert, as if copied herein *in extenso* all defenses asserted by any other defendant in response to the Plaintiff's Petition, if any, to the extent they are not inconsistent with the affirmative defenses contained herein.

### NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that Plaintiff failed to mitigate damages to the extent that discovery supports the same.

### TENTH AFFIRMATIVE DEFENSE

Defendants reserve their right to supplement and/or amend their Answer and Affirmative Defenses as discovery continues.

WHEREFORE, Defendants, The Goodyear Tire & Rubber Company and Higbee LANCOMS, LP, improperly named as Dillard Store Services, Inc., pray that their Answer, Affirmative Defenses, and Jury Demand be deemed good and sufficient and that after legal delays and all proceedings are had, there be judgment herein in favor of Defendants, The Goodyear Tire & Rubber Company and Higbee LANCOMS, LP, improperly named as Dillard Store Services, Inc., dismissing the Plaintiff's suit with prejudice and at the Plaintiff's cost and for such other general and equitable relief as the nature of the case may permit.

Respectfully submitted,

*/s/ Mindy Brickman*
Mindy Brickman, T.A. (Bar No. 23891)
Cara E. Hall (Bar No. 31378)
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130
Telephone: 504.561.5700
Facsimile: 504.561.5743
**Attorneys For Defendants,
The Goodyear Tire & Rubber Company
and Higbee LANCOMS, LP, improperly
named as Dillard Store Services, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record:

Max Chotto, Esq.
12-A Westbank Expressway
Suite 103
Gretna, LA 70053

by depositing same in the U.S. Mail, postage prepaid and properly addressed, this 18th day of December, 2014.

AND

In accordance with the Eastern District of Louisiana's electronic filing procedures, I hereby certify that, on this 18th day of December, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

/s/ *Mindy Brickman*