```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

JUSTIN FARBER                                    CIVIL ACTION

VERSUS                                           NO: 14-2840

THE GOODYEAR TIRE & RUBBER                       SECTION: R(3)
COMPANY, ET AL.


**ORDER**

Before the Court is plaintiff Justin Farber's unopposed motion for remand.[1] Plaintiff sued defendants Goodyear Tire & Rubber Company and Dillard Store Services in Louisiana state court alleging that defendants' negligence caused plaintiff to slip and fall in defendants' store.[2] As directed by Louisiana law, plaintiff did not specify an amount in controversy in his state-court petition. *See* La. Code Civ. Proc. art. 893(A)(1). Defendants removed the case invoking this Court's diversity jurisdiction.

Plaintiff contends that this Court lacks subject matter jurisdiction because the amount in controversy requirement under 28 U.S.C. § 1332(a) has not been met. In a post-removal affidavit, plaintiff states that this case involves less than $75,000 in

---

[1] R. Doc. 9.

[2] R. Doc. 1-1.

damages and renounces his right to accept or enforce a judgment in excess of $75,000.[3] When determining whether removal was proper, a court may consider a post-removal affidavit that clarifies the amount in controversy only if the state-court petition is ambiguous as to the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacon Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

In addition to not pleading an amount in controversy, plaintiff did not allege facts from which it could be reasonably inferred that the amount in controversy exceeds $75,000. Indeed, the only injury plaintiff suffered as a result of defendants' alleged negligence is a dislocated shoulder.[4] Therefore, it is appropriate for the Court to consider plaintiff's post-removal affidavit. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (district court erred in finding that plaintiff's petition unambiguously claimed damages in excess of jurisdictional amount when plaintiff's petition alleged "damages from less severe

---

[3] R. Doc. 9-3.

[4] R. Doc. 1-1 at 1.

physical injuries--an injured shoulder, bruises, and abrasions"). Plaintiff's stipulation that the amount in controversy does not exceed $75,000 and his waiver of entitlement to any award in excess of $75,000 constitute "judicial confessions" that are binding on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. Civ. A. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). Accordingly, the Court finds that the jurisdictional amount is lacking in this case and therefore GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this 23rd day of March 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE